# Richmond.

## N. & W. R. R. Co. v. Postal Telegraph Cable Co.

### March 24th, 1892.

INJUNCTION—*Jurisdiction—Case at bar.*—The chancery court of city of Richmond having enjoined an act to be done in the county of Prince George;
HELD:
Injunction improvidently awarded.  Code, § 3436.

Appeal from decree of chancery court of city of Richmond, rendered June 29th, 1889, in a cause wherein the appellant, the Norfolk and Western Railroad Company, was complainant, and the Postal Telegraph Cable Company was defendant. Opinion states the case.

*Robert Stiles, A. L. Holladay* and *George S. Bernard,* for appellant.

*J. S. Parrish, Edgar Allan* and *E. C. Burks,* for appellee.

LACY, J., delivered the opinion of the court.

The bill was filed by the appellant, the Norfolk and Western Railroad Company, on the 15th day of June, 1889, seeking an injunction to restrain the appellee, the Postal Telegraph Cable Company, its agents and attorneys, from further proceedings in the county court of Southampton county for the condemnation of a right of way upon the road-way of the appellant company until the production of the books and papers

showing the organization of the telegraph company, and its corporate action authorizing the proceedings for condemnation, &c. The injunction was awarded according to the prayer of bill by Hon. W. S. Barton, judge of the tenth judicial circuit. The telegraph company, without answering, moved to dissolve this injunction upon the following grounds: (1) Because the books and writings of the defendant, called for by the plaintiff, are not material and relevant to the issues involved in the proceedings of the defendant against the plaintiff, which are enjoined in the bill of the plaintiff. (2) Because said injunction was improvidently awarded. (3) Because the complainant has already called for said books and writings under the provisions of section 3371 of the Code of Virginia, in the proceedings taken by the defendant against the plaintiff for a like purpose in the counties of Isle of Wight and Prince George. (4) Because the call for these books and papers has been unreasonably delayed.

On the 29th day of June, 1889, the chancery court, upon motion, after notice thereof, and upon consideration of copies of the proceedings of the condemnation proceedings in the county courts of Isle of Wight and Prince George, filed in the said suit, dissolved the injunction awarded herein on the 14th day of June, 1889; whereupon, the appellant, the Norfolk & Western Railroad Company, applied for and obtained an appeal to this court on the 19th of August, 1889. We are of opinion to affirm this decree of the chancery court of the city of Richmond dissolving the injunction, because it was improvidently awarded. Under section 3436 of the Code of Virginia the chancery court of the city of Richmond had no jurisdiction to enjoin an act or proceeding to be done in the counties of Isle of Wight and Prince George, it being therein expressly provided that such injunction should be brought in the county where the act was to be done or the apprehended proceedings had, and also because the discovery sought was not such as the plaintiff had a right to demand; it appertaining

not to matter upon which its case depended, but which appertained to the right and title of the defendant in the injunction suit (the plaintiff in the condemnation proceedings in the counties of Isle of Wight and Prince George). See opinion in the case of *Norfolk & W. R. R. Co.* v. *Postal Tel. Co., ante,* p. 932, delivered this day, which sought to enjoin the similar proceedings set on foot in the county of Sussex, and the reasons stated and authorities cited in that case. For the foregoing reasons we are of opinion to affirm the decree appealed from in this case.

DECREE AFFIRMED.